1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIFFANY HOWARD,                              No.  2:20-cv-02097-CKD P

12              Plaintiff,

13        v.                                       ORDER

14   MEDICAL CARE PROVIDERS FOR
     CDCR, et al.,
15
                Defendants.
16

17

18        Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

19   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20   U.S.C. § 636(b)(1).

21        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

22   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2        **I.**       **Screening Requirement**

3          The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15         In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

25   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27       **II.**      **Allegations in the Complaint**

28         At all times relevant to the allegations in the complaint, plaintiff was an inmate at the

California Medical Facility ("CMF").  ECF No. 1 at 1.  Plaintiff broke a finger while playing

handball which required surgery at an outside hospital.  ECF No. 1 at 4.  She eventually noticed a

wire or piece of metal protruding from her surgical site that began to cause intense pain.  ECF No.

1 at 5.  A month after requesting to be seen by a doctor, she was told that her finger had not

healed properly and that she would require another surgery to remove the metal pin in her finger.

ECF No. 1 at 5.  Plaintiff did not receive the corrective surgery until two months after it was

initially requested.  ECF No. 1 at 5.  Plaintiff alleges that her medical care providers at CMF

violated the Eighth Amendment by failing to provide her with adequate and timely post-surgical

care.  ECF No. 1 at 4-5.  However, plaintiff does not identify who her medical providers were.

ECF No. 1 at 2 (naming defendants as "Doctor Doe").  By way of relief, plaintiff seeks monetary

damages.  ECF No. 1 at 3.

### III.     Legal Standards

The civil rights statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

link each named defendant with some affirmative act or omission that demonstrates a violation of

plaintiff's federal rights.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a

violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

3

1         In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

2    F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

3    grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

4    plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

5    condition could result in further significant injury or the 'unnecessary and wanton infliction of

6    pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

7    existence of an injury that a reasonable doctor or patient would find important and worthy of

8    comment or treatment; the presence of a medical condition that significantly affects an

9    individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

10   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

11        Second, the plaintiff must show the defendant's response to the need was deliberately

12   indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

13   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

14   indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

15   which the inference could be drawn that a substantial risk of serious harm exists," but that person

16   "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

17   approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

18   showing of merely negligent medical care is not enough to establish a constitutional violation.

19   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

20   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

21   a dispute between a prisoner and prison officials over the necessity for or extent of medical

22   treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

23   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

24   medical treatment, "without more, is insufficient to state a claim of deliberate medical

25   indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

26   Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

27   prisoner must show that the delay caused "significant harm and that Defendants should have

28   known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

4

1    IV.    **Analysis**

2          The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

3    which relief can be granted under federal law.  Here, the "Doctor Doe" defendants are not

4    specifically identified and linked to any particular act or omission that gave rise to a violation of

5    plaintiff's constitutional rights.  Without such identifying information or linkage to the alleged

6    constitutional violations, the court cannot order plaintiff's complaint served on any defendant in

7    this action.  Compare Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

8    U.S. 388, 390 n. 2, (1971) (explaining that "the District Court ordered that the complaint be

9    served upon 'those federal agents who it is indicated by the records of the United States Attorney

10   participated in the November 25, 1965, arrest of the petitioner'").  To the extent that plaintiff

11   seeks to sue her "medical care providers for CDCR," she must identify them.  For all these

12   reasons, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an

13   amended complaint.

14         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

15   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

16   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

17   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

18   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

19   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

20   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

21   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

23   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24   complaint be complete in itself without reference to any prior pleading.  This is because, as a

25   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

27   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

28   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the unnamed defendants.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff may file an amended complaint within thirty days from the date of service of this order.  Any amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  It should include the docket number assigned to this case and must be labeled "First Amended Complaint."

4.  Should plaintiff choose not to file an amended complaint, the undersigned will recommend that this action be dismissed.

Dated:  March 25, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/howa2071.14new.docx

6